IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE BAEZ-ACUNA, on behalf of himself and other persons similarly situated | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| *Plaintiffs*, | |
| v. | |
| KOSTMAYER CONSTRUCTION, LLC, HIRAM INVESTMENTS, LLC, and JAMES H. KOSTMAYER, Jr. | |
| *Defendants*. | |

CIVIL ACTION NO.

---

**COLLECTIVE ACTION COMPLAINT**

---

Plaintiff Jose Baez-Acuna through his attorneys, Roberto Luis Costales, William H. Beaumont, and Jonathan M. Kirkland file this Collective Action Complaint against defendants Kostmayer Construction, LLC., Hiram Investments, LLC., and James H. Kostmayer, Jr.

**NATURE OF THE ACTION**

1. This is an action by Jose Baez-Acuna ("Plaintiff") on behalf of himself and all others similarly situated (the "FLSA Class") to recover unpaid overtime wages. Plaintiff was employed as a manual laborer by Kostmayer Construction, LLC., Hiram Investments, LLC., and James H. Kostmayer, Jr. ("Defendants"). While working for the Defendants, Plaintiff was not paid one-and-a-half times his regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of himself and other similarly situated employees

who worked for Defendants during the past three years. 29 U.S.C. § 216(b).   Plaintiff also brings this action to obtain declaratory and injunctive relief. *Id*.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

## VENUE

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.  See 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff Jose Baez-Acuna

5. Plaintiff Jose Baez-Acuna ("Plaintiff Baez-Acuna") is a permanent resident of the United States and Mexico.

6. Plaintiff Baez-Acuna was hired by Defendants in approximately 2012.

7. Plaintiff Baez-Acuna worked for Defendants in Louisiana. Kostmayer Construction, LLC ("Kostmayer") jobsites were populated by approximately 30-40 Kostmayer laborers.

8. Plaintiff Baez-Acuna worked as a sandblaster, helper, and painter.

9. Defendants paid Plaintiff Baez-Acuna $18.50 per hour. For every hour that he worked in excess of forty in any particular week he was still paid $18.50 per hour.

10. Defendants paid Plaintiff Baez-Acuna by check. For the first forty hours that he worked in any particular work week, the check bore the name "Kostmayer Construction, Inc.". For every hour that he worked in excess of forty in any particular work week he was paid by Kostmayer Construction with a check that bore the name "Hiram Investments, LLC."

11. At all relevant times, Plaintiff Baez-Acuna and the members of the proposed FLSA Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Kostmayer Construction, LLC.

12. Defendant Kostmayer Construction, LLC. ("Kostmayer") is a corporation organized under the laws of Louisiana with its principal place of business in Slidell, Louisiana.

13. Kostmayer is in the business of providing full-service marine fabrication facilities, performing extensive piping work in petrochemical and industrial plants, building material handling systems, and performing heavy civil construction work throughout the Gulf Coast states, including Louisiana.

14. Kostmayer supervised the day to day work activities of the Plaintiffs.

15. Kostmayer determined Plaintiffs' work schedule for the employment at issue herein.

16. Kostmayer maintains an employment file for the Plaintiff.

17. Kostmayer is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

18. Kostmayer is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant Hiram Investments, LLC.

19. Defendant Hiram Investments, LLC. ("Hiram") is a corporation organized under the laws of Louisiana with its principal place of business in Slidell, Louisiana.

20. Hiram is a professional, commercial real estate company that provides a full range of services including leasing, property management and development for office, warehouse and retail spaces in Louisiana.

21. Hiram maintains an employment file for the Plaintiff.

22. Hiram is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

23. Hiram is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

### Defendant James H. Kostmayer, Jr.

24. Defendant James H. Kostmayer, Jr. is an owner, President, Manager, and Director of Defendants Kostmayer Construction, LLC. and Hiram Investments, LLC.

25. At all pertinent times herein Defendant James H. Kostmayer, Jr. had the authority to hire and fire Kostmayer and Hiram employees, including the Plaintiff herein.

26. At all pertinent times herein Defendant James H. Kostmayer, Jr. maintained executive authority over the jobs Kostmayer and Hiram employees were provided, including the location, duration, and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

27. Defendant Kostmayer provides full-service marine fabrication facilities, performs extensive piping work in petrochemical and industrial plants, builds material handling systems, and performs heavy civil construction work throughout the Gulf Coast states, including Louisiana.

28. Defendant Kostmayer employs approximately 30-40 employees at various job sites simultaneously.

29. Defendant Hiram is a professional, commercial real estate company that provides a full range of services including leasing, property management and development for office, warehouse and retail spaces in Louisiana.

30. Defendants paid Plaintiff by check.

31. Plaintiff normally worked more than (40) hours a week for the Defendants. Defendants often required Plaintiff to work six days per week.

32. Defendants never paid Plaintiff one-and-half times their hourly rate for all hours worked in excess of forty in a workweek.  Defendants paid

33. Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

34. Defendants intentionally did not pay Plaintiff overtime because he was Hispanic. Other workers who provided labor to the Defendants and who occupied the same position as Plaintiff—but who were white or African-American—received overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

35. Defendants paid the named Plaintiff, and other similarly situated employees at an hourly rate for work performed.

36. Defendants treated the named Plaintiff, and other similarly situated employees as exempt from the FLSA's overtime requirements.

37. When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

38. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

39. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of themselves and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

40. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least September 2012 and continuing until the present.

41. As a consequence of Defendants' FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Enjoining Defendants from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted:

*/s/ Jonathan M. Kirkland*

---

Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Jonathan Mille Kirkland (#37937)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
jmk@beaumontcostales.com

*Attorneys for Plaintiff*