UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE BAEZ-ACUNA, on behalf of himself and others similarly situated.<br><br>v.<br><br>KOSTMAYER CONSTRUCTION, LLC, HIRAM INVESTMENTS, LLC, and JAMES H. KOSTMAYER, JR. | CIVIL ACTION<br><br>NO. 19-9314<br><br>JUDGE ZAINEY<br><br>MAGISTRATE WILKINSON |

## **ANSWER TO PLAINTIFF'S COLLECTIVE COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Defendants Kostmayer Construction, LLC, Hiram Investments, LLC, and James H. Kostmayer, Jr., who file this Answer in response to Plaintiff's Collective Action Complaint and aver as follows:

1.

Defendants admit that Plaintiff was formerly employed by Kostmayer Construction, LLC and that Plaintiff is asserting a claim under the Fair Labor Standards Act ("FLSA"). Defendants deny all remaining allegations in Paragraph 1 of Plaintiff's Complaint. Defendants specifically deny any liability to Plaintiff under the FLSA.

2.

The allegations in Paragraph 2 contain legal conclusions and do not require a response from Defendants. To the extent a response is required, the allegations are denied.

3.

Defendants admit that this Court has jurisdiction over this case.

4.

Defendants admit that venue is proper in this Court.

5.

The allegations contained in Paragraph 5 are denied for lack of information sufficient to justify a belief therein.

6.

Defendants admit that Jose Baez-Acuna was formerly employed by Kostmayer Construction, LLC. All remaining allegations contained in Paragraph 6 are denied.

7.

Defendants admit that Jose Baez-Acuna was formerly employed by Kostmayer Construction, LLC in the State of Louisiana. All remaining allegations contained in Paragraph 7 are denied.

8.

Defendants admit that Plaintiff formerly performed services for Kostmayer Construction, LLC as a sandblaster, helper, and painter. All remaining allegations in Paragraph 8 are denied.

9.

Defendants admit that the Plaintiff's regular wage rate during his employment with Kostmayer Construction, LLC was $18.50 per hour. The remaining allegations in Paragraph 9 are denied.

10.

The allegations in Paragraph 10 are denied.

11.

The allegations in Paragraph 11 contain legal conclusions that do not require a response from Defendants. To the extent a response is required, Defendants admit that Plaintiff was formerly employed by Kostmayer Construction, LLC. All remaining allegations are denied.

12.

Kostmayer Construction, LLC is a limited liability company organized under the laws of Louisiana and with its principal place of business in Slidell. All remaining allegations in Paragraph 12 are denied.

13.

The allegations in Paragraph 13 are admitted.

14.

The allegations in Paragraph 14 are denied as written.

15.

The allegations in Paragraph 15 are denied as written.

16.

Defendants admit that Kostmayer Construction, LLC maintained a personnel file regarding Plaintiff. All remaining allegations in Paragraph 16 are denied as written.

17.

The allegations in Paragraph 17 contain legal conclusions that do not require a response from Defendants. To the extent a response is required, the allegations are denied as written.

18.

The allegations in Paragraph 18 contain legal conclusions that do not require a response from Defendants. To the extent a response is required, the allegations are denied as written.

19.

Hiram Investments, LLC is a limited liability company organized under the laws of Louisiana with its principal place of business in Slidell, Louisiana. All remaining allegations in Paragraph 19 are denied.

19232540_1.docx

20.

The allegations in Paragraph 20 are admitted.

21.

The allegations in Paragraph 21 are denied.

22.

The allegations in Paragraph 22 contain legal conclusions that do not require a response from Defendants. To the extent a response is required, the allegations are denied as written.

23.

The allegations in Paragraph 23 contain legal conclusions that do not require a response from Defendants. To the extent a response is required, the allegations are denied as written.

24.

The allegations in Paragraph 24 are denied.

25.

The allegations in Paragraph 25 are denied as written.

26.

The allegations in Paragraph 26 are denied.

27.

The allegations in Paragraph 27 are admitted.

28.

The allegations in Paragraph 28 are denied as written.

29.

The allegations in Paragraph 29 are admitted.

19232540_1.docx

30.

The allegations in Paragraph 30 are denied.

31.

The allegations in Paragraph 31 are denied.

32.

The allegations in Paragraph 32 appear to be incomplete and are denied as written.

33.

The allegations in Paragraph 33 are denied.

34.

The allegations in Paragraph 34 are denied.

35.

Defendants admit that Kostmayer Construction, LLC paid Plaintiff an hourly rate for work performed.  All remaining allegations in Paragraph 35 are denied as written.

36.

The allegations in Paragraph 36 are denied.

37.

The allegations in Paragraph 37 contain legal conclusions that do not require a response from Defendants.  To the extent a response is required, Defendants deny the allegations as written.

38.

Defendants incorporate each of their responses to Paragraphs 1-37 as if fully set forth herein.

19232540_1.docx

39.

The allegations in Paragraph 39 are denied.

40.

The allegations in Paragraph 40 are denied.

41.

The allegations in Paragraph 41 are denied.

## PRAYER

The allegations contained in Plaintiff's Prayer for Relief, including subparts (a) through (g), and in any unnumbered and/or misnumbered Paragraphs are denied.

## JURY DEMAND

Plaintiff's jury demand does not require a response from Defendants. To the extent a response is required, Defendants also demand trial by jury.

## AFFIRMATIVE DEFENSES

And now, in further response to Plaintiff's Complaint, Defendants plead the following defenses:

## FIRST DEFENSE

Plaintiff fails to state a claim, right, and/or cause of action against Defendants.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by prescription, preemption, and/or the applicable statutes of limitation.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**FOURTH DEFENSE**

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions by Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

**FIFTH DEFENSE**

Plaintiff is barred from recovery to the extent that some or all of the alleged time at issue is *de minimus*.

WHEREFORE, Kostmayer Construction, LLC, Hiram Investments, LLC, and James H. Kostmayer, Jr. pray that Plaintiff's Complaint be dismissed, with prejudice, and that the Court grant Defendants such other and further relief as the Court may deem just and proper.

    Respectfully submitted,
**KEAN MILLER LLP**

*/s/ Zoe W. Vermeulen*
David M. Whitaker (#21149)
Zoe W. Vermeulen (#34804)
909 Poydras Street, 36th Floor
New Orleans, LA  70112
Telephone:(504) 585-3050
Facsimile:(504) 585-3051
**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record by means of electronic notification via the Court's CM/ECF system this 14th day of June, 2019.

*/s/ Zoe W. Vermeulen*